The judgment of the court was pronounced by
Rost, J.
The plaintiff claims the marital portion out of the estate of her husband, on the ground that he died rich, leaving her in necessitous circumstances.
The answer denies that the plaintiff is in necessitous circumstances ; and avers that she could not maintain her action if she was, never having resided in the State of Louisiana and not having been married under the régime dotal.
The case is before us on the appeal of the defendant from the judgment rendered agreeaby to the prayer of the petition. It is proved that the property left by the deceased in Louisiana, is worth over $150,000, and produces an income of from eight to ten thousand dollar's a year. He also left some real estate in Mississippi, which is shown to give an annual income of about $800 ; one third of which belongs to the plaintiff. Her share in the personal estate there, is less than $2000. These, and the right of habitation in a portion of the homestead are all she has, besides the commissions on the revenues of her minor children, which will terminate with the minority. In estimating her necessities, the law requires that we should take into consideration the condition of her husband and the habits of life which his ample fortune must have engendered in his family. The rule derived from the Roman and Spanish laws, in such cases, is, that the surviving wife is entitled to the marital portion, unless she has the means of “ bene and honeste vivere,” according to the condition of her husband. Part. 6, t. 13, 1. 7, and notes of Gregorio Lopez. The evidence in the record leaves no doubt in our minds, that the plaintiff in this case has not the means of living according to the condition of her husband.
The other grounds of defence were passed upon and overruled by our predecessors in the case of Abercrombe v. Caffray et als. 3 N. S. 1.
It is urged, that article 2359 .of the code limits the right of the widow to claim the marital portion to cases in which there has been a marriage contract. We can see no reason for such a limitation; nor is it fairly deducible from the article of the code. The dispositive portion of that article is general, and gives the right to the marital portion to the husband as well as to the wife, left in necessitous circumstances. The words, “when the wife has brought no dowry,” may well be considered as applying to cases in which there was no marriage contract,' as well as to those in which no dowry was stipulated in it. The fact that this article is found in the chapter of the code that treats of the dowry, would not by itself authorise a construction at variance with its plain import, and in conflict with the decision of our predecessors. It is well known that during the discussions on the code many articles were inserted, and amendments made, without regard to its classification.
We concur in the decision in the case of Abercrombe, that the wife whose husband has died rich, leaving her in necessitous circumstances, is entitled to *160 the marital portion, whether the matrimonial domicil was in the State or out of h. That right results from the marriage, no matter where contracted; and the wjfe takes by inheritance. There is no reason why she should not be permitted to inherit as other foreign heirs. See Partidas, the law already cited.
As a general rule, real estate must on the death of the owner be distributed according to the laws of the country where it is situated.
The judgment is therefore affirmed, with costs.